UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SYDNEY F. JORDAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0377-CVE-PJC |
| | ) | |
| **HARTFORD LIFE & ACCIDENT** | ) | |
| **INSURANCE COMPANY, a Delaware** | ) | |
| **corporation and** | ) | |
| **PRICEWATERHOUSECOOPERS, LLC,** | ) | |
| **a Delaware Corporation, Plan Administrator,** | ) | |
| **Disability Plan,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss (Dkt. # 15) filed by PricewaterhouseCoopers, LLP ("PwC").[1] The motion is entitled " Motion to Dismiss PricewaterhouseCoopers, LLP as a Defendant in this Action on the Ground that it is not a Proper Party," but it is clear that this is a motion pursuant to Fed. R. Civ. P. 12(b)(6) and, thus, must be converted to a motion for summary judgment if matters outside the pleading are presented to and not excluded by the Court. Since both PwC and Jordan have presented such matters, and the Court has not excluded them, the Court converts the motion. The rule also requires the Court, upon conversion, to give all parties a reasonable opportunity to present all material pertinent to the motion. See Fed. R. Civ. P. 12 (b). In this case, however, the parties have already had full opportunity to present such material.

---

[1] Plaintiff misidentified PwC in the Complaint as PricewaterhouseCoopers, LLC. The parties agree that the correct designation is PricewaterhouseCoopers LLP and all subsequent pleadings and orders should reflect this change. No amendment to the Complaint is required.

**I.**

Plaintiff Sydney F. Jordan ("Jordan") filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). He was employed by PwC in Tulsa, Oklahoma from June 2000 through November 15, 2001, and enrolled in both the Short Term Disability Plan and the Long Term Disability Plan sponsored by PwC. Jordan claims that he had a stroke in 1999 and, as a result, became totally disabled and unable to work as of November 15, 2001. He applied for and received short term disability ("STD") benefit payments, but those payments ceased on April 30, 2002, after Hartford terminated his claim for such benefits. Plaintiff also applied for long term disability ("LTD") benefits, but his application was denied. He appealed both decisions, but his appeals were unsuccessful. This action followed.

PwC argues that it is not a proper party defendant. PwC claims that the proper party defendants are Hartford Life & Accident Insurance Company ("Hartford"), PricewaterhouseCoopers, LLP Staff Short Term Disability Plan and PricewaterhouseCoopers LLP Staff Long Term Disability Plan (the "Plans"). Plaintiff has not named the Plans as defendants. In the Complaint, Jordan "prays for an order to re-institute the benefits he is due from Defendants under his long term disability policy, pre- and post-judgment interest, attorney fees and costs, and any other relief to which the Court deems Plaintiff is justly entitled." Complaint, Dkt. # 1, at 3. In his response to PwC's Motion to Dismiss, he claims that he is also entitled to two additional weeks of short term disability benefits. Resp. Br., Dkt. # 17, at 6-7.

PwC claims to be the Plan Administrator of both Plans. Complaint, Dkt. # 1, Ex. A., at 1; Ex. B, at 15. As such, PwC has "full, complete and exclusive discretionary authority to interpret the plan and to make any and all determinations related to the administration of the plan to the

maximum extent permitted by law." Id. Ex. B, at 16-17; see id., Ex. A, at 1.  PwC appointed Hartford to perform claim administration for purposes of deciding applications for benefits and appeals from benefit denials, and it explicitly assigned fiduciary responsibility for claim determination to Hartford.  Id., Ex. A, at 1; Ex. B, at 16.)  Hartford insures the Plans and has "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy."  Motion to Dismiss, Dkt. # 14, Ex. A, at 36[2]; Ex. B, at 96.  The parties do not dispute that Hartford reviewed plaintiff's claim and made the decisions to deny plaintiff's claim and his appeal.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Id. at 327.

---

[2]   All page references herein to exhibits attached to the motion to dismiss and related pleadings are not to the document page numbers, but to the "Hartford/Jordan" Bates-stamped page numbers for greater ease of reference.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Under ERISA, a fiduciary may be held liable to the Plan for breach of any fiduciary responsibility, obligations, or duty imposed upon it by ERISA. 29 U.S.C. § 1109(a); Walter v. Int'l Ass'n of Machinists Pension Fund, 949 F.2d 310, 317 (10th Cir. 1991). Further, with respect to the Plan, a fiduciary may be held liable also for a breach of fiduciary responsibility by a co-fiduciary under certain circumstances. 29 U.S.C. § 1105(a). In relevant part, ERISA defines the term "fiduciary" in this manner:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

Id. § 1002(21)(a).

4

The Code of Federal Regulations eliminates as plan fiduciaries those who have no "power to make any decisions as to plan policy, interpretations, practices or procedures . . . ." 29 C.F.R. § 2509.75-8. Pointing out that a fiduciary has "authority to control and manage the operation and administration of the plan," 29 U.S.C. § 1102(a)(1), and must provide a "full and fair review" of claim denials, id. § 1133(2), the United States Supreme Court has emphasized that "one is a fiduciary to the extent he exercises *any* discretionary authority or control." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989) (emphasis in original) (citing United Mine Workers of American Health and Ret. Funds v. Robinson, 455 U.S. 562, 573-74 (1982)). Therefore, "a party which does not have any control or discretion over a plan is not a proper party to an action for ERISA benefits". Colin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 597 (M.D. N.C. 2004) (citations omitted).

Further, "[u]nder ERISA, a named fiduciary [such as a plan administrator] may delegate his fiduciary responsibilities." Chevron Chem. Co. v. Oil, Chem. and Atomic Workers Local Union 4-447, 47 F.3d 139, 143 (5th Cir. 1995); see Madden v. ITT Long Term Disability Plan for Salaried Employees, 914 F.2d 1279, 1283 (9th Cir. 1990); DeVille Nursing Serv., Inc. v. Metropolitan Life Ins. Co., 789 F. Supp. 213, 216 (W.D. La. 1992); Presley v. Blue Cross-Blue Shield of Alabama, 744 F. Supp. 1051, 1058 (N.D. Ala. 1990). If the named fiduciary delegates its fiduciary responsibilities, "the fiduciary is not thereafter liable for the acts or omissions of the person carrying out the fiduciary responsibility, except to the extent it participates knowingly in the breach, or fails to act reasonably in discharging its own responsibilities and thereby enables the other fiduciary to commit the breach, or it has knowledge of a breach by such other fiduciary and makes no reasonable efforts under the circumstances to remedy the breach." Presley, 744 F. Supp. at 1058. Indeed, 29 U.S.C. § 1105(c) explicitly provides:

(c) Allocation of fiduciary responsibility; designated persons to carry out fiduciary responsibilities

(1) The instrument under which a plan is maintained may expressly provide for procedures (A) for allocating fiduciary responsibilities (other than trustee responsibilities) among named fiduciaries, and (B) for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan.

(2) If a plan expressly provides for a procedure described in paragraph (1), and pursuant to such procedure any fiduciary responsibility of a named fiduciary is allocated to any person, or a person is designated to carry out any such responsibility, then such named fiduciary shall not be liable for an act or omission of such person in carrying out such responsibility except to the extent that–

   (A) the named fiduciary violated section 1104(a)(1) of this title–
      (i) with respect to such allocation or designation,
      (ii) with respect to the establishment or implementation of the procedure under paragraph (1), or
      (iii) in continuing the allocation or designation; or
   (B) the named fiduciary would otherwise be liable in accordance with subsection (a) of this section.

29 U.S.C. § 1105(c).  Subsection (a) provides:

(a) Circumstances giving rise to liability

In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

   (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
   (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
   (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a).  None of these circumstances applies in this case.  There is no evidence that

PwC participated knowingly in any alleged breach by Hartford, failed to act reasonably in

6

discharging its own responsibilities so as to enable Hartford to commit the alleged breach, or had knowledge of the alleged breach by Hartford and made no reasonable efforts to remedy the alleged breach.

Plaintiff merely alleges, in response to PwC's motion to dismiss, that PwC "must have concurred" in Hartford's decision to stop payment of Jordan's STD benefits (Resp. Br., Dkt. # 17, at 6). Plaintiff's allegation is based upon the STD Summary Description of Benefits ("SPD") dated September 12, 2000. That SPD indicates that "[t]he Employer has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions which relate to the amount of, or eligibility for, benefits under the Plan." Motion to Dismiss, Dkt. # 14, Ex. B., at 96. However, that SPD apparently was revised on July 1, 2001, and plaintiff attached the revised SPD to his Complaint. Since plaintiff claims to have become disabled on November 15, 2001, the documents attached to the Complaint are controlling.[3]

Those documents show that PwC delegated its fiduciary responsibilities to Hartford. Consequently, PwC is not liable for the alleged acts or omissions of Hartford in carrying out the fiduciary responsibility delegated by PwC to Hartford. Where an employer who is plan administrator and sponsor of an employee welfare benefit plan under ERISA has delegated full discretionary authority to an insurer as the claims administrator to determine all claims and appeals for long term disability benefits, the employer is not a proper party to a benefits action brought by

---

[3]   The issues in PwC's motion have been somewhat confused by both parties' submission of incomplete documents as exhibits and failure to make clear which exhibits comprise the STD or LTD policies, plans or SPDs.

a claimant seeking such benefits.  Earnest v. Metropolitan Life Ins. Co., 291 F. Supp. 2d 1327, 1338 (M.D. Fla. 2003).  Accordingly, PwC is not a proper part to this benefits action.[4]

### IV.

For these reasons, the Motion to Dismiss PricewaterhouseCoopers, LLP ("PwC") (Dkt. # 15), which the Court has converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b), is hereby **GRANTED**;  PricewaterhouseCoopers, LLP is dismissed as a party defendant.  As set forth in the Agreed Scheduling Order (Dkt. # 14), plaintiff Jordan and remaining defendant Hartford shall file simultaneous opening briefs on the merits no later than **30 days** from the date of this Order.  Simultaneous responses are due **20 days** thereafter.  **The parties are directed to** prepare an index of the administrative record to accompany their briefs on the merits.  Such index should include, among other things, a clear indication of plan documents by type as well as the effective date of each.  At the same time, the parties may supplement the administrative record with complete versions of the plan documents in effect at the time of plaintiff's disability if the record does not already include those documents.

**DATED** this 12th day of October, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4]  Plaintiff also argues, based in part on his citation to superseded documents, that he was entitled to 26 weeks of STD benefits, that he received only 24 weeks of STD benefits, and that he has no remedy to recover his remaining two weeks of benefits if PwC is dismissed. PwC argues that plaintiff would not be entitled to STD benefits in any event because he does not seek relief under the STD Plan.  These are arguments are more appropriate for review on the merits.  The Court's ruling today is simply that, if Jordan is entitled to any relief, Hartford is liable as the fiduciary to whom PwC delegated its fiduciary responsibilities.